

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-19-2007

# USA v. Grayson

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2622

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Grayson" (2007). *2007 Decisions.* Paper 39.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/39

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2622

UNITED STATES OF AMERICA

v.

ISSIAH N. GRAYSON,
Appellant

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 03-cr-00250-7)
District Judge:  Honorable Christopher C. Conner

Submitted Under Third Circuit LAR 34.1(a)
December 13, 2007

Before:  RENDELL, GREENBERG and VAN ANTWERPEN, Circuit Judges

(Filed : December 19, 2007)

OPINION OF THE COURT

RENDELL, *Circuit Judge*.

Issiah Grayson was charged with interstate travel in aid of racketeering in violation

of 18 U.S.C. § 1952(a)(3).  He pled guilty on March 26, 2004 and, pursuant to a plea

agreement, was sentenced to 60 months' imprisonment.  Counsel has filed a brief

pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), requesting permission to withdraw because he is unable to find any non-frivolous issues for appeal after a conscientious review of the record. Grayson was given notice of his counsel's intent to withdraw and has not filed a <u>pro se</u> brief. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). For the reasons stated below, we will grant counsel's motion to withdraw and affirm the District Court's judgment of sentence.

Evaluation of an <u>Anders</u> brief requires a twofold inquiry: (1) whether counsel has thoroughly examined the record for appealable issues and has explained why any such issues are frivolous; and (2) whether an independent review of the record presents any nonfrivolous issues. <u>United States v. Youla</u>, 241 F.3d 296, 300 (3d Cir. 2001). Where the <u>Anders</u> brief appears adequate on its face, our review is limited to the portions of the record identified in the brief, along with any issues raised by an appellant in a <u>pro se</u> brief. <u>See id.</u> at 301. We conclude that the brief in this case is adequate and, in the absence of a <u>pro se</u> brief by the appellant, will guide our independent review of the record.

Pursuant to his obligation under the first prong of our analysis, counsel has identified two weak arguments for appeal, namely that the sentence imposed exceeded the sentence necessary to "provide just punishment for the offense" and to "reflect the seriousness of the offense." 18 U.S.C. § 3553(a)(2)(A). Both of these arguments go to the reasonableness of the sentence imposed by the District Court in light of the factors set forth in 18 U.S.C. § 3553(a) and <u>United States v. Booker</u>, 543 U.S. 220 (2005).

We review the overall sentence for reasonableness. <u>United States v. Grier</u>, 475 F.3d 556, 568 (3d Cir. 2006) (<u>citing</u> <u>United States v. Booker</u>, 543 U.S. 220, 260-63 (2005)). The record establishes that the District Court properly considered the factors found in 18 U.S.C. § 3553(a), complying with this Court's decision in <u>United States v. Cooper</u>, 437 F.3d 324 (3d Cir. 2006). The District Court "gave meaningful consideration" both to the §3553(a) factors and to "sentencing grounds properly raised by the parties which have recognized legal merit and factual support." <u>Id.</u> at 329, 331. Finally, the District Court provided detailed reasons for the sentence imposed. The sentence was not excessive to "provide just punishment for the offense" or to "reflect the seriousness of the offense." Although the statutory maximum term of imprisonment that could be imposed for the crime to which Grayson pled guilty was 60 months' imprisonment, the 60 months of imprisonment imposed was almost fifty percent below what the correct Guideline range would have been, absent the charge bargain between defendant and the government. Consequently, Grayson's argument that his sentence is unreasonable would not support an appeal.

Our independent review of the record yields no other non-frivolous arguments that could possibly support an appeal and we are satisfied that all the requirements of <u>Anders</u> have been met. Accordingly, we will AFFIRM the judgment of the District Court and, in a separate order, GRANT counsel's motion to withdraw.